UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
In re

CLYDE G. BENNETT,

                              Debtor.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
CARMENCITA BRUNO,

                           Plaintiff–Appellant,

      -v-                          1:12-CV-1690

CLYDE G. BENNETT,

                           Debtor–Appellee.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

| APPEARANCES: | OF COUNSEL: |
|---|---|
| CARMENCITA BRUNO, ESQ.<br>Plaintiff pro se<br>64 Delaware Avenue, Suite 2<br>Delmar, NY 12054 | |
| RODRIGUEZ & DOERN PLLC<br>100 West Avenue<br>Saratoga Springs, NY 12866 | JAMES E. DOERN, ESQ. |
| WHITEMAN OSTERMAN & HANNA LLP<br>Trustee<br>One Commerce Plaza<br>Albany, NY 12260 | CHRISTIAN H. DRIBUSCH, ESQ. |

DAVID N. HURD
United States District Judge

## **MEMORANDUM-DECISION and ORDER**

## I. **INTRODUCTION**

      Plaintiff–appellant Carmencita Bruno ("Bruno") moves pursuant to 28 U.S.C.

§ 158(a)(3) and Fed. R. Bankr. P. 8001(b) for leave to appeal the Order of Hon. Robert E. Littlefield, Jr., Chief United States Bankruptcy Judge for the Northern District of New York entered on October 15, 2012 ("the Order"). No other parties responded. The motion was taken on submission without oral argument.

## II. FACTS

On February 7, 2012, Bruno filed an Adversary Proceeding, No. 12-90018-1, objecting to the dischargeability of a lien she held against the debtor. Bruno filed a Motion to Compel ("Document 32") on August 23, 2012. On August 27, 2012, on defendant's oral motion, an order was entered temporarily sealing Document 32. Thereafter, defendant filed a motion to seal as well as a motion to shorten time to be heard on the motion to seal. Bruno opposed. The Bankruptcy Court granted the motions to shorten time and to seal Document 32. Bruno now seeks leave to appeal the order granting defendant's motion to shorten time and to seal Document 32.

## III. DISCUSSION

Section 158(a)(3) of 28 U.S.C. permits district courts discretion to hear interlocutory appeals from the bankruptcy court. Courts follow 28 U.S.C. § 1292(b), as analogous, in determining whether to hear such appeals. IBI Security Service, Inc. v. National Westminster Bank USA, 174 B.R. 664, 669 (E.D.N.Y.). Thus, leave to file the appeal may be granted where there is a controlling question of law as to which there exists a substantial ground for differences of opinion, and determination of the appeal may materially advance the ultimate termination of the litigation. Id. Interlocutory appeal is used sparingly, only in exceptional circumstances. Id.

The question upon which Bruno seeks appellate review is whether the Bankruptcy Court properly granted motions to shorten time and to seal a document. There is no controlling question of law; rather, the question is the proper application of law. Thus, no exceptional circumstances exist to justify granting the motion for leave to appeal.

## IV. CONCLUSION

There is no controlling question of law to justify an interlocutory appeal.

Accordingly, Plaintiff-appellant's motion for leave to appeal is DENIED.

IT IS SO ORDERED.

_____
United States District Judge

Dated: January 3, 2013
      Utica, New York.